### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ROSILENE HEMME, Special Administrator of the Estate of HAUS HEMME, deceased, *et al.*,<br><br>    Plaintiffs,<br><br>  vs.<br><br>AIRBUS S.A.S., *et al.*,<br><br>    Defendants.<br>─────────────────────<br>THALES AVIONICS S.A.,<br><br>    Third-Party Plaintiff,<br><br>  vs.<br><br>SOCIÉTÉ AIR FRANCE,<br><br>    Third-Party Defendant. | Civil Action No. 1:09-CV-7239<br><br>District Judge Charles P. Kocoras<br><br>Magistrate Judge Maria Valdez |

### MOTION TO DISMISS

Third-Party Defendant Société Air France's ("Air France"), pursuant to Fed. R. Civ. P. 12(b)(1), moves the Court to dismiss the Third-Party Complaint of Thales Avionics S.A. ("Thales") for lack of subject matter jurisdiction on the following grounds:

(1) Courts of the United States lack subject matter jurisdiction over passenger death claims against Air France because such claims are governed exclusively by the Montreal Convention ("MC"),[1] and none of the five places where these claims can be brought, as specified in Article 33 of the MC, is in the United States.  Thales' third-party claims for contribution and

---

[1] Convention for the Unification of Certain Rules for International Carriage by Air, concluded at Montreal, Canada, May 28, 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 33292734.

indemnity against Air France are derivative of Plaintiffs' claims.  Accordingly, there is no subject matter jurisdiction over Thales' third-party claims.

(2) Courts of the United States lack subject matter jurisdiction over claims arising from the death of Clara Amado, a member of the Air France flight crew.  Pursuant to French law and Ms. Amado's employment contract with Air France, the French "*Tribunal des affaires de securite sociale*" ("Court for social security matters") has exclusive jurisdiction over any claims arising from her death.

In support of its motion to dismiss, Air France files herewith a Memorandum of Law, the Declaration of Gail Muntner, the Declaration of Nicole I. Tellier, and the Declaration of Judith R. Nemsick in support thereof.

WHEREFORE, Air France prays that the Court dismiss the Third-Party Complaint against it.

Dated: February 10, 2010

3

Respectfully submitted,

HOLLAND & KNIGHT LLP

By     /s/ Troy D. Hoyt
    Robert E. Tonn
    Troy D. Hoyt
    131 South Dearborn Street
    30th Floor
    Chicago, Illinois  60603
    Tel No. (312) 263-3600
    Fax No. (312) 578-6666

    -and-

    HOLLAND & KNIGHT LLP
    Christopher G. Kelly
    Alan D. Reitzfeld
    31 West 52nd Street
    New York, New York  10019
    Tel No. (212) 513-3200
    Fax No. (212) 385-9010

    *Attorneys for Defendant*
    *Société Air France*

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on **February 10, 2010**, the foregoing **MOTION TO DISMISS** was filed with Clerk of the Court using the CM/ECF System, which automatically transmitted a Notice of Electronic Filing to all ECF registrants.

/s/ Troy D. Hoyt _____

# 9151484_v1